# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

GREGORY D. VALENTINE,      )
                            )
     Plaintiff,               )
                            )
v.                                   )     **Case No. 3:23-cv-00204**
                            )     **Judge Aleta A. Trauger**
**JUDGE DEE DAVID GAY,**       )
                            )
     Defendant.            )

## MEMORANDUM

Plaintiff Gregory Valentine, who proceeds *pro se* and *in forma pauperis*, brings this lawsuit under 42 U.S.C. § 1983, alleging that the defendant, Sumner County Criminal Court Judge Dee David Gay, violated his rights under the Fourth Amendment to the United States Constitution by "forc[ing] [him] into a malicious prosecution plea" and then "kidnapping [him] from 9-30-11 until 10-25-12 in the Sumner County Jail." (Doc. No. 1, at 3.) In his verified Complaint, the plaintiff explains that he was supposed to have been released from incarceration on September 30, 2011 but, "for some unknown reason," remained in jail for thirteen months past his release date. (*Id.* at 4.) The plaintiff clearly checked the box on the form Complaint for Violation of Civil Rights to indicate that he intended to sue Gay in his official capacity.

The defendant, therefore, reasonably construed the Complaint as asserting a § 1983 claim against him in his official capacity only and filed a Motion to Dismiss that claim, along with a supporting Memorandum of Law. (Doc. Nos. 12, 13.) He argues that the lawsuit against him in his official capacity for money damages is barred by the doctrine of sovereign immunity, under the 11th Amendment to the United States Constitution, and, alternatively, that the claim is facially

barred by the one-year statute of limitations that applies to § 1983 actions in Tennessee, Tenn. Code Ann. § 28-3-104(a)(1). (Doc. No. 13, 1–2.)

Following the filing of the Motion to Dismiss, the plaintiff sought an extension of the deadline for responding and also sought to amend his Complaint specifically for the purpose of asserting claims against Gay in his individual capacity. (Doc. Nos. 15, 19-1.) The defendant opposed the motion on the grounds of futility, arguing that (1) any claim against him in his individual capacity is barred by the one-year statute of limitations that expired no later than October 25, 2013, nearly a decade before the plaintiff filed this lawsuit; and (2) the plaintiff failed to establish any basis for equitable tolling of the statute of limitations. (Doc. No. 19.)

The matter having been referred to her pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), the Magistrate Judge issued a Memorandum Order in June 2023, denying the plaintiff's Motion to Amend as futile and directing him to respond to the defendant's Motion to Dismiss. (Doc. No. 21.) The plaintiff did not seek this court's review of that ruling.

In his Response in opposition to the Motion to Dismiss, the plaintiff continues to argue that the statute of limitations should not bar his claims, but the Response does not address the defendant's sovereign immunity argument.

The Magistrate Judge thereafter issued a Report and Recommendation (R&R) (Doc. No. 23), recommending that the Motion to Dismiss be granted solely on the grounds of sovereign immunity, without reaching the defendant's alternative argument that the plaintiff's claims are also subject to dismissal under Rule 12(b)(6) as untimely. The R&R further recommends that this case be dismissed in its entirety.

Now before the court are the plaintiff's Objections to the R&R. (Doc. No. 24.) He objects to the finding that Gay is entitled to sovereign immunity, arguing on policy-based grounds (that

were not raised in his original Response) that sovereign immunity should be withheld in this case. He also insists, as he did in his Motion to Amend, that Gay's "decision to intentionally keep the Plaintiff incarcerated" constituted the "unnecessary and wanton infliction of pain" and deprived him of due process and the equal protection of the laws. (*Id.* at 3.) In other words, he appears to be suggesting, though somewhat obliquely, that Gay should be liable in his individual capacity for depriving the plaintiff of his constitutional rights.

For the reasons set forth herein, the plaintiff's Objections will be overruled, and the court will accept the R&R and dismiss the case in its entirety.

## I.  LEGAL STANDARDS

When a party files timely objections to a magistrate judge's ruling on a dispositive matter, such as a motion to dismiss, the district court must review *de novo* any portion of the report and recommendation to which objections are "properly" lodged. Fed. R. Civ. P. 72(b) (3); 28 U.S.C. § 636(b)(1)(B) & (C). An objection is "properly" made if it is sufficiently specific to "enable[ ] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Holloway v. Palmer*, No. 16-2450, 2017 WL 4844457, at *2 (6th Cir. Apr. 5, 2017); *see also Special Learning, Inc. v. Step by Step Acad., Inc.*, 751 F. App'x 816, 819 (6th Cir. 2018). The district court is not required to review—under any standard—those aspects of the report and recommendation to which no objection is made. *Thomas*, 474 U.S. at 150. In addition, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II. DISCUSSION

The R&R exhaustively considers whether the official-capacity claim against Gay should be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds of sovereign immunity and concludes that (1) the Sumner County Criminal Court is an arm of the state and a state criminal court judge is an officer of the state; and (2) no exception to the state's sovereign immunity applies to Valentine's claims. Valentine's Objections do not address or attack these conclusions, nor did he raise any cogent argument against the application of sovereign immunity in his Response to the Motion to Dismiss. The court, moreover, has reviewed the Magistrate Judge's conclusions of law *de novo* and finds no error. The plaintiff's Objections to the dismissal of his claims against Gay in his official capacity on the grounds of sovereign immunity, therefore, will be overruled.

Insofar as the plaintiff's Objections may be construed as arguing that he should be permitted to pursue his individual-capacity claims, the Magistrate Judge already conclusively determined that the Complaint states an official-capacity claim only and denied the plaintiff's Motion to Amend to add an individual-capacity claim on the grounds of futility. The plaintiff did not file timely objections to that ruling, and the court will not revisit it now.

### III.    CONCLUSION

For the reasons set forth herein, the plaintiff's Objections will be overruled, and the Magistrate Judge's recommendation that the Motion to Dismiss be granted will be accepted in its entirety. A separate Order to that effect is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge